IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE KANE PRESIDING

Criminal Case No. 15-CR-0113

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. GABRIAL ARCHULETS
2. THOMAS J. LUCERO
   **3. THOMAS MCQUOWN**
Defendants.

## MOTION TO RE-RAISE THE ISSUE OF COMPETENCY

Counsel for Mr. McQuown re-raises the issue of competency in this case and states the following in support thereof:

1. Mr. McQuown is charged with Bank Robbery in violation of 18 U.S.C. section 2113 (a) and (d) and Section 2 and other charges.

2. The competency of Mr. McQuown was raised earlier in this case as a result the observations of counsel and the opinion of Dr. Karen Fukuti. (document 68)

3. An independent evaluation was performed by Dr. Jessica Micono, a psychologist employed by the Bureau of Prisons. The report by Dr. Micono found evidence of malingering, however the doctor had enough concerns to recommend that Mr. McQuown be sent to a facility to be treated and returned to competency.

4. At a hearing where the doctor's reports were submitted without testimony the court found Mr. McQuown competent. It is clear that counsel made a mistake in agreeing to the hearing based solely on the reports of the

      doctors.

5. During the time since the finding by the Court it is the opinion of counsel that Mr. McQuown remains incompetent and unable to adequately aid in his defense.
6. Counsel incorporates the reports of both Dr. Fukutaki and Dr. Micono that recommend treatment to return Mr. McQuown to competency.
7. The time counsel has spent with Mr. McQuown strengthens counsel's opinion of incompetency.
8. Counsel has been unable to prepare for trial due to the almost total lack of memory on the part of the defendant regarding the facts surrounding this case.
9. Counsel also relies on the two earlier reports.
10. Counsel incorporates the earlier filed motion for a determination of competency. (document 68)
11. Counsel understands the timing of this motion is near trial, but it was counsels hope that the issues involving the inability of Mr. McQuown's ability to assist counsel would improve. Those issues have in fact seemed to worsen.
12. Counsel is re-raising competency at this time and is requesting a continuance of the trial.
13. There are massive records that reflect the traumatic head injury suffered by the defendant whereby he lost a good portion of his brain matter. These records also strength counsels belief of incompetency.
14. Counsel has contacted a psychologist to evaluate the reports of both Dr. Fukutaki and Dr. Micono,
15. Quite frankly counsel for Mr. McQuown feels he did not adequately

litigate this issue earlier. If the Court wishes to be concerned or upset about this matter with Counsel, Counsel fully understands, but to proceed at this point to trial would be an injustice.

16. Counsel for Mr. McQuown has contacted the Assistant United States Attorney assigned to this case, Robert Brown, and Leslie Barnicle, counsel for Mr. Lucero about this request. The government indicates they will be prepared for trial and Ms. Barnicle has no objection to this request.

17. Wherefore counsel for Mr. McQuown re-raises competency.

Respectfully submitted this 28th day of April, 2016.

.                                             Michael Root, attorney at law


s/Michael Root_____
Michael G. Root
Attorney for Thomas McQuown
217 E. Seventh Ave.
Denver, Colorado 80203
(303)-318-7181
mroot@mikerootlaw.com

CERTIFICATE OF SERVICE

A copy of this motion to continue trial has been served on all parties by way of ECF