IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cr-00113-JLK-03

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS McQUOWN,

    Defendant.

---

ORDER

---

KANE, J.

In light of the oral orders made in court today, a continuance of the trial in this case is necessary until further proceedings may be scheduled with the succeeding judge and new counsel for Defendant Thomas McQuown may be appointed. I have previously found that this case is complex and have excluded two periods of time for purposes of the Speedy Trial Act under 18 U.S.C. § 3161(h)(7). (ECF Nos. 67 & 180). Based on the complexity of the case and the need for Mr. McQuown's new counsel to prepare for trial, the court, on its own motion, finds that the exclusion of an additional 60 days is warranted.

"The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) (quoting *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008)). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *Id.*; 18 U.S.C. § 3161(c)(1).

Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, the Act excludes "[A]ny period of delay resulting from a continuance granted by any judge on his own motion . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Accordingly, the Court FINDS that:

1) Failure to grant a continuance in the proceeding would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

2) Even considering due diligence, failure to exclude an additional period would deny new counsel for Mr. McQuown the reasonable time necessary for adequate trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii); and

3) The ends of justice served by excluding additional time outweigh the best interests of the public and Mr. McQuown in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is ORDERED that:

1) Defendant Thomas McQuown's case is severed from that of Defendants Gabriel Archuleta and Thomas Lucero;

2) With the consent of Chief Judge Marcia S. Krieger, Mr. McQuown's case is reassigned to Judge R. Brooke Jackson;

3) New CJA counsel shall be appointed for Mr. McQuown immediately; AND

4) Sixty (60) additional days shall be excluded for the purposes of the Speedy Trial Act.

DATED this 14th day of November, 2016.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE